IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

OLIVIA TUITAHI,

    Plaintiff,                 No. CIV S-09-611 GEB KJM PS

    vs.

INDYMAC BANK, et al.,               <u>ORDER AND</u>
<u>FINDINGS AND RECOMMENDATIONS</u>

    Defendants.

    _____/

          The FDIC's motion to be substituted in as defendant for Indymac Bank is pending before the court. That motion is unopposed and will be granted. Also pending before the court is the FDIC's motion to dismiss. No opposition to the motion has been filed.

          Plaintiff initiated this action in state court on November 20, 2008; it was timely removed to this court on March 4, 2009. In the order setting status conference, filed March 5, 2009, plaintiff was advised of the requirements for timely filing opposition to motions. Defendant IndyMac filed a motion to dismiss on March 12, 2009, to which plaintiff did not timely respond. By order filed April 2, 2009, plaintiff was given additional time in which to file opposition to defendant's motion and was cautioned that failure to file opposition would be deemed as a statement of non-opposition. Plaintiff still has not filed an opposition and failed to appear at the hearing on the motion to dismiss.

1

The Federal Rules of Civil Procedure provide for dismissal of actions based on lack of prosecution. Fed. R. Civ. P. 41(b). Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). In determining whether to dismiss for lack of prosecution, generally the court considers (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. See, e.g., Al-Torki v. Kaempen, 78 F.3d 1381, 1384 (9th Cir. 1996). The court may dismiss a case sua sponte for lack of prosecution by the plaintiff. Hamilton Copper & Steel Corp. v. Primary Steel, Inc., 898 F.2d 1428 (9th Cir. 1990). Sua sponte dismissal requires a "close focus" on consideration of "less drastic alternatives" and whether or not there has been a "warning of imminent dismissal of the case." Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir. 1992).

In determining that this action will be dismissed, the court has considered all the factors set forth in Al-Torki. The first two factors on their face favor the imposition of sanctions in this case, which has been proceeding in federal court now for several months. Compare Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir.1990). Regarding the third factor, defendant already has briefed its motion to dismiss, and would be prejudiced by the need for further litigation of this matter despite plaintiff's non-responsiveness. Moreover, delay itself generally is prejudicial--witnesses' memories fade and evidence becomes stale or undiscoverable. While the fourth factor favors resolution on the merits, in this case plaintiff has declined to oppose the motion to dismiss and has thus precluded the court's evaluation of the potential merits of such an opposition. Under these circumstances, the fourth factor is outweighed by the others.

Focusing on the fifth Al-Torki factor and warning regarding imminent dismissal, as required by Oliva, the court in its April 2, 2009 order advised plaintiff that this action would be subject to dismissal, directed plaintiff to file opposition, and granted ample additional time to oppose the pending motion after plaintiff failed to timely oppose defendant's motion to dismiss,

2

all to no avail.  From plaintiff's failure to respond to the most recent order as well as plaintiff's failure to appear at the hearing on the motion to dismiss, it appears that plaintiff has abandoned this litigation.  The court therefore concludes there is no suitable alternative less drastic sanction to dismissal.

Accordingly, IT IS HEREBY ORDERED THAT the motion to substitute is granted; the FDIC shall be substituted in the place of IndyMac Bank, F.S.B., in the following form:  Federal Deposit Insurance Corporation, as Receiver for IndyMac Bank F.S.B.; Federal Deposit Insurance Corporation, as Conservator for IndyMac Federal Bank F.S.B.

IT IS HEREBY RECOMMENDED that this action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 29, 2009.

_____
U.S. MAGISTRATE JUDGE

006
tuitahi.57